UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| POWERSCHOOL HOLDINGS, INC., | |
| Plaintiff, | |
| -against- | Misc. Case No.: |
| LISA CLINE, | |
| Defendant. | |

## DECLARATION OF EUGENE TEMCHENKO IN SUPPORT OF POWERSCHOOL HOLDINGS INC.'S MOTION TO COMPEL COMPLIANCE WITH THIRD PARTY SUBPOENA

I, Eugene Temchenko, Declare:

1.    I am an attorney in the Dallas office of Kirkland & Ellis LLP, the law firm of record for Defendant PowerSchool Holdings, Inc. ("PowerSchool") in the underlying putative class action litigation, *Cherkin et al. v. PowerSchool Holdings, Inc.*, Case No. 3:24-02706-JD, pending before Judge Donato in the Northern District of California.  As such, I am familiar with the facts attested to herein.

2.    I submit this declaration in support of PowerSchool's Motion to Compel Compliance with Third Party Subpoena (the "Motion").

3.     In order to effectively mount its defense, PowerSchool informed Named Plaintiffs in the underlying litigation that it would serve third party subpoenas on Emily Cherkin's business, the Screentime Consultant, and the other leaders of the Student Data Privacy Project, Andrew Liddell, Lisa Cline, and Joel Schwarz.

4.     Attached hereto as **Exhibit 1** is a true and correct copy of PowerSchool's January 31, 2025 Notice of Service of Subpoena *Duces Tecum* to Non-Party Lisa Cline and Subpoena *Duces Tecum*.

5.     Counsel for PowerSchool previewed the Subpoenas with Plaintiffs' counsel, who informed PowerSchool they would be representing Ms. Cline and agreed to accept service on her behalf on January 28, 2025.

6.     Attached hereto as **Exhibit 2** is a true and correct copy of Plaintiffs' counsel Leonard Aragon's January 28, 2025 email to PowerSchool agreeing to accept service on behalf of Ms. Cline.

7.     Attached hereto as **Exhibit 3** is a true and correct copy of Ethan Levinton's January 31, 2025 email to Leonard Aragon agreeing to hold Andrew Liddell's subpoena and reserving all rights.

8.     Attached hereto as **Exhibit 4** is a true and correct copy of Ethan Levinton's March 12, 2025 email to Leonard Aragon informing him that no responses or objections to the Subpoena had been received and that the deadline for compliance or objection had passed.

9.     Attached hereto as **Exhibit 5** is a true and correct copy of Leonard Aragon's March 13, 2025 letter to PowerSchool objecting to the Subpoena.

10.    Attached hereto as **Exhibit 6** is a true and correct copy of Leonard Aragon's April 1, 2025 Responses and Objections to the Subpoena.

11.    Attached hereto as **Exhibit 7** is a true and correct excerpted copy of Ethan Levinton's April 14, 2025 deficiency letter (the "Deficiency Letter") to Leonard Aragon discussing deficiencies

in Ms. Cline discovery responses and suggesting parameters for Ms. Cline to engage in an inquiry into what responsive documents she has.

12.    Ms. Cline failed to respond to the Deficiency Letter by its stated deadline, April 21, 2025.

13.    Through the parties' meet and confers on March 25, 2025 and April 2, 2025, PowerSchool learned that counsel for Ms. Cline failed to collect or even meaningfully investigate what documents – if any – she has that are responsive to the Subpoena.

14.    PowerSchool has made clear, including during meet and confers on March 25, 2025, April 2, 2025, and April 23, 2025 that this Subpoena does not seek duplicative discovery but instead seeks to obtain documents directly relevant to its defenses that it cannot get from other sources.

15.    Plaintiffs' counsel stated at the March 25, 2025 meet and confer that the relevant documents would be produced by Emily Cherkin in her individual capacity; therefore, PowerSchool agreed to not move to compel compliance with the Screentime Consultant subpoena at this time.

16.    Despite being served discovery on January 8, 2025, Plaintiffs in the underlying litigation have yet to produce single document and have only just now started to engage with PowerSchool on search terms.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on May 8, 2025, in Dallas, Texas.

/s/ Eugene Temchenko
Eugene Temchenko

# Exhibit 1

1  Robyn E. Bladow (SBN 205189)
   KIRKLAND & ELLIS LLP
2  555 South Flower Street, Suite 3700
   Los Angeles, CA 90071
3  Telephone: (213) 680-8400
   robyn.bladow@kirkland.com
4
   Martin L. Roth, P.C. (admitted *pro hac vice*)
5  Alyssa C. Kalisky (admitted *pro hac vice*)
   Amelia H. Bailey (admitted *pro hac vice*)
6  Zharna Shah (admitted *pro hac vice*)
   Taylor Rothman (admitted *pro hac vice*)
7  KIRKLAND & ELLIS LLP
   333 W Wolf Point Plaza,
8  Chicago, IL 60654
   Telephone: (312) 862-2000
9  martin.roth@kirkland.com
   alyssa.kalisky@kirkland.com
10 amelia.bailey@kirkland.com
   zharna.shah@kirkland.com
11 taylor.rothman@kirkland.com
12 Olivia Adendorff, P.C. (admitted *pro hac vice*)
   Ethan Joel Levinton (admitted *pro hac vice*)
13 KIRKLAND & ELLIS LLP
   4550 Travis Street
14 Dallas, TX 75205
   Telephone: (214) 972-1770
15 olivia.adendorff@kirkland.com
   ethan.levinton@kirkland.com
16
   *Attorneys for Defendant*
17 *PowerSchool Holdings, Inc.*

18              **UNITED STATES DISTRICT COURT**

19             **NORTHERN DISTRICT OF CALIFORNIA**

20               **SAN FRANCISCO DIVISION**

| | |
|---|---|
| EMILY CHERKIN, on behalf of herself and as parent and guardian of her minor child, S.G., and on behalf of all others similarly situated, DAVID CONCEPCIÓN, on behalf of himself and as parent and guardian of his minor children, L.M.C. and M.M.C., and on behalf of all others similarly situated,, | CASE NO. 3:24-CV-02706-JD |
| Plaintiffs, | **DEFENDANT POWERSCHOOL HOLDINGS, INC.'S NOTICE OF SERVICE OF SUBPOENA *DUCES TECUM* TO NON-PARTY LISA CLINE** |
| v. | |
| POWERSCHOOL HOLDINGS, INC., | |
| Defendant. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that, pursuant to and in accordance with Rule 45 of the Federal Rules of Civil Procedure, Defendant PowerSchool Holdings, Inc., hereby gives notice of its intention to serve the attached subpoena on Lisa Cline commanding the production of documents as set forth in the attached subpoena *duces tecum*.

DATED: January 31, 2025

Respectfully submitted,

KIRKLAND & ELLIS LLP

Ethan Joel Levinton

Robyn E. Bladow (SBN 205189)
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone: (213) 680-8400
robyn.bladow@kirkland.com

Martin L. Roth, P.C. (admitted *pro hac vice*)
Alyssa C. Kalisky (admitted *pro hac vice*)
Amelia H. Bailey (admitted *pro hac vice*)
Zharna Shah (admitted *pro hac vice*)
Taylor Rothman (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
333 W Wolf Point Plaza,
Chicago, IL 60654
Telephone: (312) 862-2000
martin.roth@kirkland.com
alyssa.kalisky@kirkland.com
amelia.bailey@kirkland.com
zharna.shah@kirkland.com
taylor.rothman@kirkland.com

Olivia Adendorff, P.C. (admitted *pro hac vice*)
Ethan Joel Levinton (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, TX 75205
Telephone: (214) 972-1770
olivia.adendorff@kirkland.com
ethan.levinton@kirkland.com

*Attorneys for Defendant*
*PowerSchool Holdings, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2025, I served the foregoing document to the following counsel of record via e-mail:

Shana E. Scarlett
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

Robert B. Carey
Leonard W. Aragon
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
rob@hbsslaw.com
leonard@hbsslaw.com

Julie Liddell
Andrew Liddell
EDTECH LAW CENTER PLLC
P.O. Box 300488
Austin, Texas 78705
Telephone: (737) 351-5855
julie.liddell@edtech.law
andrew.liddell@edtech.law

Ethan Joel Levinton

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California  ▾

| | |
|---|---|
| Emily Cherkin et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:24-cv-02706-JD |
| PowerSchool Holdings, Inc. | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Lisa Cline, 420 Upshire Cir., Gaithersburg, MD 20878

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Documents as set forth in Schedule A.

| Place: Kirkland & Ellis LLP, 1301 Pennsylvania Avenue NW, Washington, DC 20004 | Date and Time: 03/01/2025 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    01/31/2025

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    PowerSchool Holdings, Inc. _____ , who issues or requests this subpoena, are:
Ethan Joel Levinton, 4550 Travis St., Dallas, TX 75205, (214) 972-1784, ethan.levinton@kirkland.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### I.    DEFINITIONS

The following definitions apply to each of the Requests set forth herein and are deemed incorporated in each Request. Defined terms have the meaning set forth herein regardless of whether the term is capitalized.

1.    "Document" shall have the full meaning ascribed to it by Rule 34(a) of the Federal Rules of Civil Procedure. "Document" shall be interpreted in the broadest sense and shall include all original documents and information, or a true copy thereof, together with each and every draft and non-identical copy thereof (whether by reason of revisions, notations made thereon, or otherwise).

2.    "EdTech Company" means and refers to any company that accesses, uses, collects, stores, analyzes, aggregates, or processes student data.  Without waiving any objection to this characterization, this term shall be deemed to include PowerSchool for the purpose of this Subpoena.

3.    "FERPA" means and refers to 20 U.S.C. § 1232g *et seq.* and its enabling regulation 34 CFR § 99.1 *et seq.*

4.    "Plaintiff" or "Plaintiffs" means and refers to the named plaintiffs in this action: Emily Cherkin, David Concepcion, S.G., L.M.C., and M.M.C.

5.    "PowerSchool" shall mean Defendant PowerSchool Holdings, Inc.

6.    "State Education Records Law(s)" means and refers to California Education Code § 49073 *et seq.*, RCW § 28A.605.030 *et seq.*, and the law of any other state governing the disclosure, collection, storage, or inspection of student records or data.

7.    "You" refers to the individual receiving this Subpoena.

8.    "Your School" means and refers to any educational institution offering primary or secondary education (K-12) that is or was attended by You or Your children, if any.

### II.    INSTRUCTIONS

Unless otherwise agreed to in writing, the following instructions apply to each Request set forth herein and are deemed incorporated in each Request.

1.    For purposes of interpreting or construing the scope of these Requests, the terms used shall be given the most expansive and inclusive interpretation. To the extent that any Request is

considered ambiguous, it shall be construed to require the fullest and most complete disclosure of all information and requested Documents.

2.     Documents shall be produced and numbered in such a manner that ensures that the source of each document may be determined. Documents should be Bates-numbered.

3.     Each Request extends to any Documents in Your possession, custody, or control.

4.     These Requests are continuing; timely supplemental production must be provided between the date of these Requests and the trial of this action.

5.     You are requested to produce emails, text messages, instant messages, Bloomberg messages, Microsoft Word, PDF or other word processing Documents, blogs, and social media posts in searchable TIFF images with load files. All documents shall be Bates labeled and shall be produced according to the Parties' Stipulated ESI Protocol.

6.     If any document requested herein is withheld or redacted on the basis of any claim of privilege, You shall submit, in lieu of any such document, a log: (a) identifying the person(s) who prepared or authored the document and, if applicable, the person(s) to whom the document was sent or shown; (b) specifying the date on which the document was prepared or transmitted; (c) describing the nature of the document (e.g., letter, telegram, email, etc.); and (d) describing the subject matter of the withheld document or information and explaining why the document or information is claimed to be privileged or constitutes work product.

7.     If a portion of an otherwise responsive document contains information subject to a claim of privilege, only that portion of the document subject to the claim of privilege shall be redacted from the document following the instructions in the preceding paragraph, and the rest shall be produced.

8.     If You object to any request on the basis that a word or phrase is vague or ambiguous, state Your understanding of the word or phrase and produce responsive documents accordingly.

9.     If You object to any of the requests as overly broad or unduly burdensome, You shall identify the categories of documents within the scope of each request that You believe are properly discoverable, shall produce those documents, and shall state with particularity Your reason for

asserting that the remainder of the request seeks documents that are beyond the scope of permissible discovery.

10.     Whenever used herein, the singular shall be deemed to include the plural, and the plural shall be deemed to include the singular; the masculine shall be deemed to include the feminine, and the feminine shall be deemed to include the masculine; the disjunctive ("or") shall be deemed to include the conjunctive ("and"), and the conjunctive ("and") shall be deemed to include the disjunctive ("or"); each of the functional words "each," "every," "and," and "all" shall be deemed to include each of the other functional words; the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each discovery request all responses that might otherwise be construed to be outside its scope.

11.     Unless otherwise noted, the Relevant Time Period for these Requests is May 6, 2020, through May 6, 2024.

## III.   REQUESTS

1.     Without regard to the Relevant Time Period, Documents and communications concerning the Student Data Privacy Project, https://www.studentdataprivacyproject.com/.

2.     Without regard to the Relevant Time Period, Documents and communications concerning any partnership, advocacy group, business entity, or other organization (formal or informal) between You and any Plaintiff concerning data privacy other than the Student Data Privacy Project, https://www.studentdataprivacyproject.com/.

3.     Without regard to the Relevant Time Period, Documents and communications concerning any Plaintiff.

4.     Without regard to the Relevant Time Period, Documents and communications concerning any EdTech Company.

5.     Without regard to the Relevant Time Period, Documents and communications among or between You and Plaintiffs' counsel.

6.     Documents and Communications concerning FERPA or any Student Education Record Law.

7.    Complaints You revised, edited, or submitted to any regulatory, legislative, administrative, educational or other governmental body under FERPA or any Student Education Record Law.

8.    Documents and Communications with any regulatory, legislative, administrative, educational, or other governmental body concerning student data privacy.

# Exhibit 2

**From:** Leonard Aragon <leonarda@hbsslaw.com>
**Date:** January 28, 2025 at 8:45:45 PM CST
**To:** "Temchenko, Eugene" <eugene.temchenko@kirkland.com>
**Cc:** Robert Carey <rob@hbsslaw.com>, Amy Nolan <amyn@hbsslaw.com>, Julie Liddell <julie.liddell@edtech.law>,
"Rothman, Taylor S." <taylor.rothman@kirkland.com>, "Levinton, Ethan Joel" <ethan.levinton@kirkland.com>,
"Shah, Zharna" <zharna.shah@kirkland.com>
**Subject:** RE: Cherkin, et al. v. PowerSchool - Letter re PowerSchool Production

**This message is from an EXTERNAL SENDER**

Be cautious, particularly with links and attachments.

Thank you for the list of mediators.  We are working on obtaining availability for our proposed mediators and will
provide that information shortly.

Reserving all rights, we have been authorized to accept service of the subpoenas you describe below.

Thanks Leonard.

--

**Leonard Aragon** | Hagens Berman Sobol Shapiro LLP | (602) 224-2629

1

# Exhibit 3

| | |
|---|---|
| **From:** | Levinton, Ethan Joel |
| **Sent:** | Friday, January 31, 2025 1:45 PM |
| **To:** | shanas@hbsslaw.com; leonard@hbsslaw.com; julie.liddell@edtech.law; rob@hbsslaw.com; amyn@hbsslaw.com; andrew.liddell@edtech.law; alisas@hbsslaw.com; toryb@hbsslaw.com |
| **Cc:** | #PowerSchool_PrivacyClassAction_KE_Internal; McCarthy, Meg |
| **Subject:** | Cherkin, et al. v. PowerSchool - Third Party Subpoenas |
| **Attachments:** | 2025.01.31 - Notice of and Subpoena to L. Cline.pdf; 2025.01.31 - Notice of and Subpoena to J. Schwartz.pdf; 2025.01.31 - Notice of and Subpoena to The Screentime Consultant, LLC.pdf |

Counsel—

Thank you for agreeing to accept service for the parties we have discussed.  Please find attached subpoenas to Joel Schwartz, Lisa Cline, and The Screentime Consultant, LLC.  Please note that, in the interest of minimizing third party discovery, we are not yet serving the subpoena on Mr. Liddell.  We reserve the right to do so, however, depending on responses from Plaintiffs and the subpoenaed third parties, and the documents produced.  We look forward to discussing the attached subpoenas with you on Tuesday, including as to ways we could further reduce the burden on the third parties.

Further, please confirm that Mr. Liddell will preserve documents implicated by the attached subpoenas in the event we choose to serve discovery on him in the future.

Thank you,

Ethan

Ethan Joel Levinton

KIRKLAND & ELLIS LLP
4550 Travis Street, Dallas, TX 75205
T +1 214 972 1784  M +1 281 381 6688
F +1 214 972 1771

ethan.levinton@kirkland.com

1

# Exhibit 4

**From:** Levinton, Ethan Joel <ethan.levinton@kirkland.com>
**Sent:** Wednesday, March 12, 2025 10:06 PM
**To:** shanas@hbsslaw.com; leonard@hbsslaw.com; julie.liddell@edtech.law; rob@hbsslaw.com; amyn@hbsslaw.com; andrew.liddell@edtech.law; alisas@hbsslaw.com; toryb@hbsslaw.com
**Cc:** #PowerSchool_PrivacyClassAction_KE_Internal <PowerSchool_PrivacyClassAction_KE_Internal@kirkland.com>; McCarthy, Meg <meg.mccarthy@kirkland.com>
**Subject:** RE: Cherkin, et al. v. PowerSchool - Third Party Subpoenas

Counsel—

On January 31, 2025, we served subpoenas on Lisa Cline, Joel Schwartz, and The Screentime Consultants, LLC, per your representation that you were accepting service on their behalf (see below). We have received neither responses nor objections to said subpoenas, and the deadline to respond or object has passed. Please confirm that you will be providing responses by Friday, March 14, 2025. If we do not hear from you, we will be forced to raise this non-compliance with the Court.

Best,
Ethan

Ethan Joel Levinton

KIRKLAND & ELLIS LLP
4550 Travis Street, Dallas, TX 75205
T +1 214 972 1784  M +1 281 381 6688
F +1 214 972 1771

ethan.levinton@kirkland.com

# Exhibit 5

# HAGENS BERMAN

Leonard Aragon    leonarda@hbsslaw.com

ATTORNEYS AT LAW

**HAGENS BERMAN SOBOL SHAPIRO LLP**
11 WEST JEFFERSON STREET, SUITE 1000
PHOENIX, AZ  85003

**hbsslaw.com**

(602) 224-2629 phone    (602) 840-3012 fax

March 13, 2025

<u>**VIA E-MAIL**</u>

Olivia Adendorff, P.C.
Eugene Temchenko
Ethan Levinton
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, Texas 75205
olivia.adendorff@kirkland.com
eugene.temchenko@kirkland.com
ethan.levinton@kirkland.com

Robyn E. Bladow
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, California 90071
robyn.bladow@kirkland.com

Martin L. Roth, P.C.
Alyssa C. Kalisky
Taylor Rothman
Zharna Shah
Amelia H. Bailey
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654
martin.roth@kirkland.com
alyssa.kalisky@kirkland.com
taylor.rothman@kirkland.com
zharna.shah@kirkland.com
amelia.bailey@kirkland.com

Re:  *Cherkin, et al. v. PowerSchool Holdings, Inc. – Third Party Subpoenas*

Dear Counsel:

We write regarding the subpoenas PowerSchool served on Lisa Cline, Joel Schwarz, and The Screentime Consultant, LLC on January 31, 2025.

**The Cline and Schwarz Subpoenas**

The clients object to each request for production directed to Lisa Cline and Joel Schwarz as seeking information irrelevant to any claim or defense at issue in this case. The burden and expense of responding to these requests outweighs its likely benefit, of which there is none. The subpoenas are plainly designed to harass and intimate Ms. Cline and Mr. Schwarz for their advocacy in favor of students' privacy rights, for which your client shows little regard.

**The Screentime Consultant, LLC Subpoena**

The client objects to each request for production directed to The Screentime Consultant, LLC as seeking information irrelevant to any claim or defense at issue in this case. The burden and expense of responding to these requests outweighs its likely benefit, of which, once again, there is none.

As you are aware, The Screentime Consultant, LLC is an entity owned by Plaintiff Emily Cherkin. As The Screentime Consultant, Ms. Cherkin works with families whose children are engaged in unhealthy and disruptive patterns of screen overuse and consults with schools about how to foster a healthier approach to screentime in their respective communities.

As with the Cline and Schwarz subpoenas, this one is likewise designed to harass and intimate Ms. Cherkin for her advocacy in favor of students' privacy rights and the wellbeing of young people. Further, it is harassing to the extent these requests seek documents duplicative of those sought in the earlier requests for production directed to Ms. Cherkin in her personal capacity as a plaintiff in this lawsuit.

Notwithstanding these objections, Ms. Cherkin's Screentime Consultant email inbox will be searched for documents responsive to the requests for production that you served on her in her personal capacity. To the extent it contains discoverable documents, they will be produced in response to those requests.

**Offer to Meet and Confer**

We offer to meet and confer regarding these subpoenas. Please provide your availability the week of March 24.

Sincerely,
HAGENS BERMAN SOBOL SHAPIRO LLP

Leonard W. Aragon
Partner

# Exhibit 6

1   Shana E. Scarlett (217895)
    Hagens Berman Sobol Shapiro LLP
2   715 Hearst Avenue, Suite 202
3   Berkeley, California 94710
    Telephone: (510) 725-3000
4   shanas@hbsslaw.com

5   Julie Liddell (*pro hac vice*)
    Andrew Liddell (*pro hac vice*)
6   EDTECH LAW CENTER PLLC
    P.O. Box 300488
7   Austin, Texas 78705
    Telephone: (737) 351-5855
8   julie.liddell@edtech.law
    andrew.liddell@edtech.law
9

10  Leonard W. Aragon (*pro hac vice*)
    HAGENS BERMAN SOBOL SHAPIRO LLP
11  11 West Jefferson Street, Suite 1000
    Phoenix, Arizona 85003
12  Telephone: (602) 840-5900
    leonard@hbsslaw.com
13

    Attorneys for Plaintiffs
14

15                UNITED STATES DISTRICT COURT

16              NORTHERN DISTRICT OF CALIFORNIA

17                   SAN FRANCISCO DIVISION

18
    EMILY CHERKIN, et al.                  Case No.: 3:24-cv-02706-JD
19
            Plaintiffs,
20                                         NON-PARTY LISA CLINE'S
    v.                                     RESPONSES AND OBJECTIONS TO
21                                         DEFENDANT POWERSCHOOL
                                           HOLDINGS, INC.'S REQUESTS FOR
22  POWERSCHOOL HOLDINGS, INC.,            PRODUCTION

23          Defendant.

24

25

26

27

28

## GENERAL **OBJECTIONS**

1.     Lisa Cline ("Ms. Cline") objects because these Requests for Production are designed to harass and intimidate Ms. Cline and her friends, Plaintiff Emily Cherkin, non-party Joel Schwarz and attorney Andrew Liddell. Ms. Cline, Mr. Schwarz, Ms. Cherkin, and Ms. Liddell have been friends and student-privacy advocates for years. Ms. Cherkin is a named plaintiff in this lawsuit alleging that PowerSchool is in the business of harvesting student data without their parents' knowledge or consent and monetizes that data in ways that harms students and their parents. The Liddells represent Ms. Cherkin, and others, in the lawsuit. Ms. Cline and Mr. Schwarz have nothing to do with the lawsuit except that they are friends of individuals taking on a billion-dollar, multi-national corporation, and have fought for student privacy in the past. This has made them targets for PowerSchool's harassment and intimidation. The only information that Defendant claims Ms. Cline and Mr. Schwarz might have is information related to an alleged statute of limitations defense. But any evidence regarding Ms. Cherkin's knowledge of PowerSchool's misconduct can come from Ms. Cherkin herself. And even if Defendant eventually determines that Ms. Cherkin no longer has that information (and there is nothing to justify such a position), there is no justification to seek the information that is being sought below. The scattershot request for production only has two purposes, harassment and intimidation, and for this reason and the reasons set forth below, Ms. Cline will not be producing documents.

2.     Ms. Cline objects to each and every request for production to the extent it calls for information outside the scope of discovery pursuant to the Rules of Civil Procedure.

3.     Ms. Cline objects to Defendant's requests for production to the extent that they seek privileged and confidential attorney client communications or attorney work product.

4.     Ms. Cline objects to Defendant's definitions and instructions to the extent that they purport to impose a duty on her beyond that required by the Rules of Civil Procedure.

5.     Ms. Cline objects to the extent the requests seek information that is not proportional to the needs of the case as contemplated by Rule 26(b)(1).

1    **RESPONSES AND OBJECTIONS**

2    **REQUEST NO. 1:**

3        Without regard to the Relevant Time Period, Documents and communications concerning

4    the Student Data Privacy Project, https://www.studentdataprivacyproject.com/.

5    **RESPONSE:**

6        Ms. Cline objects because most, if not all, the documents requested are not related to a claim

7    or defense in this case and are therefore irrelevant. Ms. Cline further objects because any relevant or

8    discoverable documents that may exist—and Ms. Cline is not stating that any such documents exist—

9    would also be in the possession, custody, or control of a party to this case. Ms. Cline also objects

10   because the request is unduly burdensome, expensive, and not proportional to the needs of the case

11   because (1) there is no temporal limitation, and (2) it seeks documents that are available to Defendant

12   by other means. Ms. Cline also objects because the request is designed to harass, intimidate, and harm

13   Ms. Cline and those she associates with, such as Emily Cherkin. Last, Ms. Cline objects to the extent

14   the Request seeks document protected by a privilege, such as the attorney client privilege.

15       Subject to the foregoing and general objections, Ms. Cline has nothing to produce.

16   **REQUEST NO. 2.:**

17       Without regard to the Relevant Time Period, Documents and communications concerning

18   any partnership, advocacy group, business entity, or other organization (formal or informal) between

19   You and any Plaintiff concerning data privacy other than the Student Data Privacy Project,

20   https://www.studentdataprivacyproject.com/.

21   **RESPONSE:**

22       Ms. Cline objects because most, if not all, the documents requested are not related to a claim

23   or defense in this case and are therefore irrelevant. Ms. Cline further objects because any relevant or

24   discoverable documents that may exist—and Ms. Cline is not stating that any such documents exist—

25   would also be in the possession, custody, or control of a party to this case. Ms. Cline also objects

26   because the request is unduly burdensome, expensive, and not proportional to the needs of the case

27   because (1) there is no temporal limitation, and (2) it seeks documents that are available to Defendant

28   by other means. Ms. Cline also objects because the request is designed to harass, intimidate, and harm

1    Ms. Cline and those she associates with, such as Emily Cherkin. Last, Ms. Cline objects to the extent

2    the Request seeks document protected by a privilege, such as the attorney client privilege.

3            Subject to the foregoing and general objections, Ms. Cline has nothing to produce.

4    **REQUEST NO. 3**:

5            Without regard to the Relevant Time Period, Documents and communications concerning

6    any Plaintiff.

7    **RESPONSE:**

8            Ms. Cline objects because most, if not all, the documents requested are not related to a claim

9    or defense in this case and are therefore irrelevant. Ms. Cline further objects because any relevant or

10   discoverable documents that may exist—and Ms. Cline is not stating that any such documents exist—

11   would also be in the possession, custody, or control of a party to this case. Ms. Cline also objects

12   because the request is unduly burdensome, expensive, and not proportional to the needs of the case

13   because (1) there is no temporal limitation, and (2) it seeks documents that are available to Defendant

14   by other means. Ms. Cline also objects because the request is designed to harass, intimidate, and harm

15   Ms. Cline and those she associates with, such as Emily Cherkin. Last, Ms. Cline objects to the extent

16   the Request seeks document protected by a privilege, such as the attorney client privilege.

17           Subject to the foregoing and general objections, Ms. Cline has nothing to produce.

18   **REQUEST NO. 4**:

19           Without regard to the Relevant Time Period, Documents and communications concerning

20   any EdTech Company.

21   **RESPONSE:**

22           Ms. Cline objects because most, if not all, the documents requested are not related to a claim

23   or defense in this case and are therefore irrelevant. Ms. Cline further objects because any relevant or

24   discoverable documents that may exist—and Ms. Cline is not stating that any such documents exist—

25   would also be in the possession, custody, or control of a party to this case. Ms. Cline also objects

26   because the request is unduly burdensome, expensive, and not proportional to the needs of the case

27   because (1) there is no temporal limitation, and (2) it seeks documents that are available to Defendant

28   by other means. Ms. Cline also objects because the request is designed to harass, intimidate, and harm

1    Ms. Cline and those she associates with, such as Emily Cherkin. Last, Ms. Cline objects to the extent

2    the Request seeks document protected by a privilege, such as the attorney client privilege.

3          Subject to the foregoing and general objections, Ms. Cline has nothing to produce.

4    **REQUEST NO. 5**:

5          Without regard to the Relevant Time Period, Documents and communications among or

6    between You and Plaintiffs' counsel.

7    **RESPONSE:**

8          Ms. Cline objects because most, if not all, the documents requested are not related to a claim

9    or defense in this case and are therefore irrelevant. Ms. Cline further objects because any relevant or

10    discoverable documents that may exist—and Ms. Cline is not stating that any such documents exist—

11    would also be in the possession, custody, or control of a party to this case. Ms. Cline also objects

12    because the request is unduly burdensome, expensive, and not proportional to the needs of the case

13    because (1) there is no temporal limitation, and (2) it seeks documents that are available to Defendant

14    by other means. Ms. Cline also objects because the request is designed to harass, intimidate, and harm

15    Ms. Cline and those she associates with, such as Emily Cherkin. Last, Ms. Cline objects to the extent

16    the Request seeks document protected by a privilege, such as the attorney client privilege.

17          Subject to the foregoing and general objections, Ms. Cline has nothing to produce.

18    **REQUEST NO. 6**:

19          Documents and Communications concerning FERPA or any Student Education Record Law.

20    **RESPONSE:**

21          Ms. Cline objects because most, if not all, the documents requested are not related to a claim

22    or defense in this case and are therefore irrelevant. Ms. Cline further objects because any relevant or

23    discoverable documents that may exist—and Ms. Cline is not stating that any such documents exist—

24    would also be in the possession, custody, or control of a party to this case. Ms. Cline also objects

25    because the request is unduly burdensome, expensive, and not proportional to the needs of the case

26    because (1) there is no temporal limitation, and (2) it seeks documents that are available to Defendant

27    by other means. Ms. Cline also objects because the request is designed to harass, intimidate, and harm

28    Ms. Cline and those she associates with, such as Emily Cherkin. Last, Ms. Cline objects to the extent

1  the Request seeks document protected by a privilege, such as the attorney client privilege.

2      Subject to the foregoing and general objections, Ms. Cline has nothing to produce.

3  **REQUEST NO. 7:**

4      Complaints You revised, edited, or submitted to any regulatory, legislative, administrative,

5  educational or other governmental body under FERPA or any Student Education Record Law.

6  **RESPONSE:**

7      Ms. Cline objects because most, if not all, the documents requested are not related to a claim

8  or defense in this case and are therefore irrelevant. Ms. Cline further objects because any relevant or

9  discoverable documents that may exist—and Ms. Cline is not stating that any such documents exist—

10  would also be in the possession, custody, or control of a party to this case. Ms. Cline also objects

11  because the request is unduly burdensome, expensive, and not proportional to the needs of the case

12  because (1) there is no temporal limitation, and (2) it seeks documents that are available to Defendant

13  by other means. Ms. Cline also objects because the request is designed to harass, intimidate, and harm

14  Ms. Cline and those she associates with, such as Emily Cherkin. Last, Ms. Cline objects to the extent

15  the Request seeks document protected by a privilege, such as the attorney client privilege.

16      Subject to the foregoing and general objections, Ms. Cline has nothing to produce.

17  **REQUEST NO. 8:**

18      Documents and Communications with any regulatory, legislative, administrative, educational,

19  or other governmental body concerning student data privacy.

20  **RESPONSE:**

21      Ms. Cline objects because most, if not all, the documents requested are not related to a claim

22  or defense in this case and are therefore irrelevant. Ms. Cline further objects because any relevant or

23  discoverable documents that may exist—and Ms. Cline is not stating that any such documents exist—

24  would also be in the possession, custody, or control of a party to this case. Ms. Cline also objects

25  because the request is unduly burdensome, expensive, and not proportional to the needs of the case

26  because (1) there is no temporal limitation, and (2) it seeks documents that are available to Defendant

27  by other means. Ms. Cline also objects because the request is designed to harass, intimidate, and harm

28  Ms. Cline and those she associates with, such as Emily Cherkin. Last, Ms. Cline objects to the extent

the Request seeks document protected by a privilege, such as the attorney client privilege.

Subject to the foregoing and general objections, Ms. Cline has nothing to produce.

Dated: April 1, 2025                                    HAGENS BERMAN SOBOL SHAPIRO LLP

By   /s/ Leonard W. Aragon
Leonard W. Aragon
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: 602.840.5900
leonard@hbsslaw.com

Julie Liddell
Andrew Liddell
EDTECH LAW CENTER PLLC
P.O. Box 300488
Austin, Texas 78705
Telephone: 737.351.5855
julie.liddell@edtech.law
andrew.liddell@edtech.law

Shana E. Scarlett
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: 510.725.3000
shanas@hbsslaw.com

Attorneys for Plaintiffs

6

1

<u>**CERTIFICATE OF SERVICE**</u>

2          I hereby certify that on April 1, 2025, I served the foregoing document to the following

3    counsel of record via e-mail:

4    Robyn E. Bladow                          Martin L. Roth, P.C.
     KIRKLAND & ELLIS LLP                      Alyssa C. Kalisky
5    555 South Flower Street, Suite 3700       Zharna Shah
                                               Taylor Rothman
6    Los Angeles, CA 90071                     Amelia H. Bailey
     Telephone: (213) 680-8400                 KIRKLAND & ELLIS LLP
7    robyn.bladow@kirkland.com                 333 West Wolf Point Plaza
                                               Chicago, IL 60654
8    Olivia Adendorff, P.C.                    Telephone: (312) 862-2000
     Ethan Lisa Levinton
9    Eugene Temchenko                          martin.roth@kirkland.com
     KIRKLAND & ELLIS LLP                      alyssa.kalisky@kirkland.com
10   4550 Travis Street                        zharna.shah@kirkland.com
     Dallas, TX 75205                          taylor.rothman@kirkland.com
11   Telephone: (214) 972-1770                 amelia.bailey@kirkland.com
12   olivia.adendorff@kirkland.com
     ethan.levinton@kirkland.com
13   eugene.temchenko@kirkland.com

14        Attorneys for Defendant

15

16                                                    /s/ Amy Nolan
                                                      Amy Nolan
17

18

19

20

21

22

23

24

25

26

27

28

1

# Exhibit 7

# KIRKLAND & ELLIS LLP

Ethan Joel Levinton
To Call Writer Directly:
+1 214 972 1827
ethan.levinton@kirkland.com

Weir's Plaza
4550 Travis Street
Dallas, TX 75205
United States

+1 214 972 1770

www.kirkland.com

Facsimile:
+1 214 972 1771

April 14, 2025

**VIA EMAIL**

Leonard W. Aragon
Robert B. Carey
Hagens Berman Sobol Shapiro LLP
11 West Jefferson Street, Suite 1000
Phoenix, AZ 85003
leonard@hbsslaw.com
rob@hbsslaw.com

Shana E. Scarlett
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
shanas@hbsslaw.com

Julie Liddell
Andrew Liddell
EdTech Law Center PLLC
P.O. Box 300488
Austin, TX 78705
julie.liddell@edtech.law
andrew.liddell@edtech.law

> Re: *Cherkin et al. v. PowerSchool Holdings, Inc.*, Case No. 3:24-02706-JD (N.D. Cal.)

Counsel:

On behalf of PowerSchool Holdings, Inc. ("PowerSchool"), we write as a follow up on our April 2, 2025 conference concerning the Responses and Objections to subpoenas to third-parties Lisa Cline, Joel Schwarz, and The Screentime Consultant, LLC (the "Subpoena Responses"), and the Responses and Objections to PowerSchool's First Set of Requests for Production ("RFPs") and Interrogatories ("ROGs") (and collectively, the "Requests") from Emily Cherkin, S.G., David Concepción, L.M.C., and M.M.C (the "Responses").

# KIRKLAND & ELLIS LLP

April 14, 2025
Page 2

## I.      The Subpoena Responses.

On January 31, 2025, PowerSchool served third party subpoenas on Lisa Cline and Joel Schwarz,[1] members of the Student Data Privacy Project ("SDPP")—an organization that, together with Plaintiff Emily Cherkin, has lobbied against PowerSchool and other companies the members have labeled "EdTech." Members of SDPP have published arguments that are echoed in Plaintiffs' Complaint in this case.  PowerSchool is entitled to inquire into SDPP's crusade against PowerSchool, and such documents are relevant to statutes of limitations, expectations of privacy, and Plaintiffs' fitness to serve as class representatives, among other issues.

Ms. Cline and Mr. Schwarz failed to timely respond to the subpoenas, waiving all objections under well-established caselaw. Fed. R. Civ. P. 45(d)(2)(B) ("The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."); *see also Abante Rooter & Plumbing, Inc. v. Triumph Merch. Sols., LLC*, 2020 WL 3317196, at *3 (S.D. Cal. June 18, 2020) (citations omitted) ("a non-party's failure to make timely objections to a Rule 45 subpoena generally results in the finding that any objections have been waived."); *Khosroabadi v. Mazgani Soc. Servs., Inc.*, 2018 WL 1858153, at *3 (C.D. Cal. Mar. 1, 2018) ("Where a party fails to file a motion to quash or a motion for protective order before the deadline for the non-party to respond to the subpoena, the party generally waives its right to object."). When PowerSchool pointed out this failure, Ms. Cline and Mr. Schwarz served a hastily written letter that summarily denied the subpoenas wholesale 12 days after the deadline to respond. When PowerSchool objected to such offhand refusal and offered counsel yet another opportunity to provide substantive responses and objections, Ms. Cline and Mr. Schwarz took this opportunity to misleadingly assert that they "ha[ve] nothing to produce." *See* R&Os to Subpoena.

Through the parties' meet and confer, PowerSchool has learned that counsel for Ms. Cline and Mr. Schwarz has neither collected any documents from the respondents, nor meaningfully investigated what documents – if any – respondents have that are responsive to the subpoenas. *See In re Facebook, Inc. Consumer Privacy User Profile Litig.*, 2021 WL 10282215, at *18 (N.D. Cal. Sept. 19, 2021) (finding that Facebook breached its discovery obligations by "flat[ly] refus[ing] to even search for and review [documents] for relevance or responsiveness" when responding to the discovery requests); *Washington v. Cal. Dep't of Corr. & Rehabs.*, 2021 WL 4771868, at *4 (C.D. Cal. Aug. 13, 2021) ("[Respondents] may not simply claim they do not possess any responsive documents; they have a duty to undertake a diligent search and reasonable inquiry in order to adequately respond to requests for production."). Instead of "ha[ving] nothing to produce," Ms. Cline and Mr. Schwarz are standing on boilerplate objections to relevance, duplicity, harassment, and burden, which are wholly unsupported by any evidence. *See Q Indus., Inc. v. O'Reilly Auto., Inc.*, 2023 WL 5505889, at *6 (C.D. Cal. July 28, 2023) ("Furthermore, Test-Rite's

---

[1]    PowerSchool also served a third-party subpoena on a Washington company that Plaintiff Emily Cherkin owns, The Screentime Consultant, LLC.  Based on Plaintiffs' representation that Plaintiff Emily Cherkin "is The Screentime Consultant" and will collect and review for production all documents within the company's possession, PowerSchool is not pressing forward with said subpoena at this time, but reserves all rights.

KIRKLAND & ELLIS LLP

April 14, 2025
Page 3

repetition of boilerplate objections in its written responses to the Subpoena is improper and tantamount to no response at all."); *see also Walker v. Lakewood Condominium Owners Ass'ns,* 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all."). Such reliance on boilerplate objections is particularly concerning as Plaintiffs themselves insisted that boilerplate objections are improper. *See* Letter from L. Aragon at 4 (Dec. 18, 2024).

In light of the foregoing, PowerSchool is ready to move to compel full compliance. Nevertheless, we were left with an impression that Ms. Cline and Mr. Schwarz may be willing to engage in a proper inquiry into what responsive documents they have and work with PowerSchool on a production of unique, non-duplicative documents on a timetable that avoids unnecessary burden on the third parties and complies with the Court's scheduling order. To that end, please let us know if you will agree to search and generate a hit report of Ms. Cline's and Mr. Schwarz's records based on the following conditions:

      *Condition 1*: Email to/from/cc/bcc does not include: Emily Cherkin

      *Condition 2*: MD5 Hash (or equivalent) is not identical to a document for which any Plaintiff is a custodian.

      *Condition 3*: The document contains one or more of the following terms:

            PowerSchool
            EdTech AND priva*
            (Instructure OR Canvas) AND priva*
            Google AND ("k-12" OR Classroom) AND priva*
            FERPA OR "Family Educational Rights and Privacy Act"
            CIPA
            "Invasion of Privacy"
            student AND data AND privacy
            parent AND data AND privacy

Please confirm in writing by April 21, 2025, that you agree to (1) collect documents from Ms. Cline and Mr. Schwarz from at least 2018 through the present, (2) generate a hit report using the criteria outlined above, and (3) work in good faith with PowerSchool to resolve any remaining burden objections, including by reviewing documents identified through mutually-agreeable search terms.[2] We reserve all rights to raise this issue with an appropriate court.

---

[2]    For avoidance of doubt, to the extent that Ms. Cline or Mr. Schwarz contend that a document is privileged, it should be logged.

KIRKLAND & ELLIS LLP

April 14, 2025
Page 11

\*        \*        \*

In light of the case schedule, PowerSchool requests Plaintiffs to respond to this letter by April 28, 2025, except as to third-party subpoenas, where we request a response no later than April 21, 2025.  PowerSchool remains willing to confer further.

Sincerely,

*/s/ Ethan Joel Levinton*

Ethan Joel Levinton

cc:        Olivia Adendorff, P.C.
           Martin L. Roth, P.C.
           Alyssa C. Kalisky, P.C.
           Taylor Rothman
           Zharna Shah